# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA FOLI, an individual; DANNY BROWN, an individual; CAROLINE ASLANIAN, an individual; RABYN BLAKE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE METROPOLITAN WATER DISTRICT OF SOUTHERN CALIFORNIA, a municipal corporation; JEFFREY KIGHTLINGER, an individual,<br><br>Defendants. | CASE NO. 11CV1765 JLS (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 6) |

Presently before the Court is Defendants Metropolitan Water District ("MWD") and Jeffrey Kightlinger's ("Kightlinger," and collectively, "Defendants") motion to dismiss. (Mot. to Dismiss, ECF No. 6) Also before the Court are Plaintiffs' opposition, (Resp. in Opp'n, ECF No. 9), and Defendants' reply, (Reply in Supp., ECF No. 10). The hearing set for the motion on January 26, 2012, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion.

## BACKGROUND

Plaintiffs, residents of San Diego, Ventura, and Los Angeles Counties, bring this action against MWD and its General Manager, Kightlinger, asserting claims for violations of 42 U.S.C. § 1983 and California Business & Professions Code section 17200, *et seq*. ("Unfair Competition

1  Law" or "UCL"), seeking declaratory and injunctive relief.[1]  Plaintiffs take issue with Defendants'
2  practice of "systematically add[ing] an unapproved drug, hydrofluosilicic acid [("HFSA")], to the
3  water, and then caus[ing] the water to be delivered to water consumers like the Plaintiffs."
4  (Compl. ¶ 17, ECF No. 1)  MWD allegedly adds HFSA to the water supply "for the express
5  purpose of administering [HFSA] to the Plaintiffs and other members of the general public
6  receiving their water supply from MWD with the intention of altering their physical structure and
7  body functions to prevent and to treat disease," (*id.*), despite the fact that HFSA is not approved by
8  the Federal Drug Administration ("FDA") for such use, (*id.* ¶ 26).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts

---

[1] In their complaint, Plaintiffs also assert a claim under 42 U.S.C. § 1981. (Compl. ¶¶ 48–50, ECF No. 1)  "Plaintiffs do not oppose the dismissal of the Section 1981 claim," however.  (Resp. in Opp'n 22, ECF No. 9)  Accordingly, Defendants' motion to dismiss Plaintiffs' claim for violation of 42 U.S.C. § 1981 is **GRANTED**.

1  pled "allow[] the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must
3  be probable, but there must be "more than a sheer possibility that a defendant has acted
4  unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible
5  entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept
6  as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific
7  analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation
8  omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere
9  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is
10 entitled to relief.'" *Id.* Moreover, "[f]or a complaint to be dismissed because the allegations give
11 rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."
12 *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotation marks
13 omitted).

14  Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
15 determines that the allegation of other facts consistent with the challenged pleading could not
16 possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
17 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
18 1986)). In other words, where leave to amend would be futile, the Court may deny leave to
19 amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

20                                            **ANALYSIS**

21 **1. 42 U.S.C. § 1983**

22  Defendants' primary argument for dismissal is that Plaintiffs are precluded from bringing a
23 § 1983 claim for violations of certain federal statutes, including the Safe Drinking Water Act
24 ("SDWA"), 42 U.S.C. § 300f, *et seq.* (Mot. to Dismiss 6–7, ECF No. 6) Defendants rely on
25 *Mattoon v. City of Pittsfield*, which held that because "the SDWA enforcement scheme is closely
26 analogous to other enforcement schemes found sufficiently comprehensive to evince a clear
27 congressional intent to preempt relief under section 1983, . . . appellants' section 1983 claims are
28 preempted by the SDWA." 980 F.2d 1, 6 (1st Cir. 1992).

In opposition, Plaintiffs do not challenge the conclusion that they cannot bring a § 1983 claim on the basis of a SDWA violation. Contrary to Defendants' characterization, Plaintiffs argue that their complaint is brought to redress violations of the Food, Drug, and Cosmetic Act ("FDCA"), not the SDWA. (Resp. in Opp'n 3–4, ECF No. 9) Even under this characterization, however, the Court agrees with Defendants that Plaintiffs cannot assert a § 1983 claim.

Section 337(a) of the FDCA provides that "all such proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States."[2] Interpreting this provision, the Ninth Circuit has held that the FDCA does not provide for a private right of action. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010) ("[T]he FDCA forbids private rights of action under that statute."); *Feidler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (holding that the court lacked jurisdiction under the FDCA in a suit brought by a private party); *see also Summit Technology, Inc. v. High-Line Med. Instruments Co., Inc.*, 922 F.Supp. 299, 305 (C.D. Cal. 1996) (citing cases from the Third, Fourth, and Seventh Circuits, and concluding that "[c]ourts have generally interpreted [§ 337(a) of the FDCA] to mean that no private right of action exists to redress alleged violations of the FDCA"); *Ginochio v. Surgikos, Inc.*, 864 F. Supp. 948, 957 (N.D. Cal. 1994) ("Given th[e] language and the regulatory nature of the Act, and the fact that Congress has vested the power to enforce the regulatory scheme in the United States, this court concludes that there is no private right of action.").

By suing under 42 U.S.C. § 1983, Plaintiffs attempt to circumvent FDCA's limitation on who may sue to enforce the Act. It is true that § 1983 may be used to "redress the deprivation of federal statutory rights."[3] *Almond Hill School v. U.S. Dep't of Agric.*, 768 F.2d 1030, 1035 (9th

---

[2] The statute provides for a single exception to this provision: "A State may bring in its own name and within its jurisdiction proceedings for the civil enforcement, or to restrain violations . . . if the food that is the subject of the proceeding is located in the State." 21 U.S.C. § 337(b)(1).

[3] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1  Cir. 1985) (citing *Maine v. Thiboutot*, 448 U.S. 1 (1980)).  And, "[a]n action to enforce a particular
2  federal statute may lie under section 1983 even though no such action exists under the particular
3  statute itself."  *Id.* (citing *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S.
4  1, 18–19 (1981)).  Such an action is not available in all instances, however.  Relevant here, a
5  § 1983 suit is not available to redress the violation of a federal statutory right where "Congress
6  [has] foreclosed private enforcement of the statute in the statute itself."  *Id.* (citing *Middlesex*, 453
7  U.S. at 19; *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 28 (1981)).

8  In *Almond Hill School v. United States Department of Agriculture*, the Ninth Circuit held
9  that a group of concerned citizen plaintiffs lacked a private right of action to enforce the Federal
10 Insecticide, Fungicide and Rodenticide Act ("FIFRA"), and therefore could not utilize § 1983 to
11 sue to enjoin the state and federal departments of agriculture from spraying certain pesticides.  768
12 F.2d 1030, 1039. There, after a careful analysis of the relevant statutory provisions, the court
13 "inferred" an intent to foreclose private remedies because "FIFRA's enforcement scheme [was]
14 sufficiently comprehensive."  *Id.* at 1035, 1038.

15 Unlike FIFRA, however, which "does not authorize explicitly or implicitly a private cause
16 of action to enforce the Act," *id.* at 1035, the FDCA explicitly "forbids private rights of action,"
17 *PhotoMedex*, 601 F.3d at 924.  As such, the Court need not conduct a detailed analysis of the
18 remedial devices provided for in the FDCA in order to "infer" whether Congress had an intent to
19 foreclose a private remedy.  Congress's intent is plain: there is no private right of action under the
20 FDCA.  *See supra* at 4.  Accordingly, Plaintiffs may not use § 1983 as a means to enforce the
21 FDCA, and Defendants' motion to dismiss the § 1983 claim is therefore **GRANTED**.
22 **2.  UCL**

23 California's UCL prohibits acts of unfair competition, which includes "any unlawful,
24 unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200; *see also In re*
25 *Pomona Valley Med. Grp. Inc.*, 476 F.3d 665, 674 (9th Cir. 2007).  "Because [the UCL] is written
26 in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are
27 unlawful, or unfair, or fraudulent."  *Podolsky v. First Healthcare Corp.*, 58 Cal. Rptr. 2d 89, 98
28 (Cal. Ct. App. 1996).  Plaintiffs allege that Defendants have engaged in unlawful, unfair, and

deceptive business acts or practices.

### A. Unlawful Business Practice

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200, *et seq.* and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Super. Ct. of L.A. Cnty.*, 826 P.2d 730, 734 (Cal. 1992) (citation omitted); *see also Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). A business practice that violates almost any federal, state, or local law is an "unlawful practice" under section 17200 and thereby may serve as the basis for a UCL claim. *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007); *Saunders v. Super. Ct. of L.A. County*, 33 Cal. Rptr. 2d 438, 441 (Cal. Ct. App. 1994).

Plaintiffs can state a UCL claim if they can state a claim under a "borrowed" law. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) (finding that the alleged conduct "must violate a law . . . in order for Plaintiffs to state a claim for relief under Section 17200' s 'unlawful' prong"). Here, Plaintiffs' complaint alleges that Defendants' practices "violate[] the constitutional rights of the Plaintiffs and also violates the [FDCA] and other federal laws." (Compl. ¶ 56, ECF No. 1)

As explained above, Congress has expressly rejected private rights of actions to enforce the FDCA. As such, the Court finds that Plaintiffs may not enforce the FDCA privately by using it as a predicate for their UCL claim. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 541 (Cal. 1999)) (indicating that a plaintiff may not use the UCL to enforce a statute that bars a private right of action). Thus, the Court finds that Plaintiffs' UCL claim based on a violation of the FDCA must be dismissed.[4]

//

//

---

[4] To the extent Plaintiffs' UCL claim is based on a violation of their "constitutional rights . . . and other federal laws," the Court also dismisses these claims as Plaintiffs fail to indicate which constitutional rights or other federal laws are allegedly violated.

### B. Unfair Business Practice

Even if a practice is not "unlawful," it may still be "unfair." *See Cel-Tech*, 973 P.2d at 540. Here, Plaintiffs' complaint alleges that Defendants' practices constitute unfair competition because "[t]here are FDA approved methods to treat dental caries and disease, and therefore, there can be no justification for MWD's use of an unapproved drug to medicate water consumers through the water supply." (Compl. ¶ 58, ECF No. 1)

For UCL suits involving injuries to consumers, as here, the "unfairness" prong prohibits business practices that "offend[] an established public policy or [that are] immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mut. Auto. Ins. Co.*, 113 Cal. Rptr. 2d 399, 415 (Cal. Ct. App. 2001). Though this proscription "is very broad in its scope," "it is not unlimited." *Id.* at 416. Indeed, "[s]pecific legislation may limit the judiciary's power to declare conduct unfair." *Id.* "If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Id.* Accordingly, for the same reasons as above, the Court finds that Plaintiffs cannot pursue their FDCA claim "simply by recasting the cause of action for one for unfair competition." *Id.* (internal quotation marks omitted).

### C. Fraudulent Business Practice

Plaintiffs also predicate their UCL claim under the fraudulent business practice prong, alleging that Defendants' buisness practices are deceptive because "MWD fails to inform consumers that they are being medicated with [HFSA], that [HFSA] is an unapproved drug, and that [HFSA] presents a risk of serious and irreparable harm to consumers." (Compl. ¶ 60, ECF No. 1) Without deciding whether this single allegation is sufficient to state a claim under the fraudulent prong of the UCL, however, the Court must dismiss this claim as well insomuch as it is also predicated on an underlying violation of the FDCA.

Accordingly, Defendants' motion to dismiss the UCL claim is **GRANTED**.

### 3. Declaratory Relief

For the same reasons, Plaintiffs' declaratory relief claim must be dismissed. Like § 1983 and the UCL, the Declaratory Judgment Act, 22 U.S.C. § 2201, may not be used as a vehicle to

enforce a private right that the FDCA explicitly denies. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he availability of [declaratory relief] presupposes the existence of a judicially remediable right.")

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiffs' complaint is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs wish, they may file an amended complaint within fourteen days after this order is electronically docketed. **IT IS SO ORDERED**.

DATED: April 10, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge